THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>STERLING FINANCIAL CORPORATION, et al.,<br><br>                Defendants. | No. 2:09-cv-00368-EFS<br><br><u>CLASS ACTION</u><br><br>NOTICE ON MOTION CALENDAR: WEDNESDAY, MARCH 24, 2010<br><br>MEMORANDUM OF LAW IN SUPPORT OF CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL |

505858_1

MEMO OF LAW IN SUPPORT OF CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM MOT FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL (2:09-cv-00368-EFS)

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit ("the Action") brought on behalf of all purchasers of securities of Sterling Financial Corporation ("Sterling Financial" or the "Company") between July 23, 2008 and January 13, 2009 (the "Class Period"). The Action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

City of Roseville Employees' Retirement System (the "Retirement System") will, and hereby does, move this Court for an order: (1) appointing the Retirement System as Lead Plaintiff in the above-captioned action pursuant to the PSLRA; and (2) approving the Retirement System's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel and Lovell Mitchell & Barth LLP ("Lovell Mitchell") as Liaison Counsel pursuant to the PSLRA.

This Motion is brought on the grounds that the Retirement System is the most adequate lead plaintiff possessing the largest financial interest in the relief sought by the class. In addition, the Retirement System meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the class and it will fairly and adequately represent the class. The Retirement System also seeks approval of its choice of Lead Counsel.

The Retirement System should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement System is precisely the type of

institutional investor Congress intended would lead securities actions like this one. *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ("The underlying assumption of the PSLRA's lead plaintiff provisions is that the greater resources and litigation experience possessed by institutional investors makes them better equipped to serve as lead plaintiffs in securities class actions"). Finally, the Retirement System's selection of Coughlin Stoia to serve as lead counsel and Lovell Mitchell to serve as Liaison Counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Coughlin Stoia possesses experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

## II.     SUMMARY OF PENDING ACTIONS

Sterling Financial is the bank holding company for Sterling Savings Bank and Golf Savings Bank. The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results and engaged in improper behavior which harmed Sterling Financial's investors by failing to disclose the extent of seriously delinquent commercial real estate loans and construction and land loans. The Company also failed to adequately and timely record losses for its impaired loans, causing its financial results and its Tier 1 capital ratio to be materially false. As a result of defendants' false statements, Sterling Financial's stock traded at artificially inflated prices during the Class Period, reaching a high of $14.72 per share on October 1, 2008.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) defendants' assets contained hundreds of millions of dollars worth of impaired and risky securities, many of which were backed by real estate that

was rapidly dropping in value and for which Sterling Financial had failed to record adequate loan loss reserves; (b) defendants failed to properly account for Sterling Financial's commercial real estate loans and construction and land development loans, failing to reflect impairment in the loans; (c) Sterling Financial had not adequately reserved for loan losses such that its financial statements were presented in violation of Generally Accepted Accounting Principles ("GAAP"); (d) Sterling Financial had not adequately accounted for its goodwill or its deferred tax assets such that its financial statements were presented in violation of GAAP; (e) Sterling Financial had not adequately reserved for loan losses such that its Tier 1 capital was presented in violation of banking regulations; and (f) the Company's capital base was not adequate enough to withstand the significant deterioration in the real estate markets and, as a result, Sterling Financial would be forced to consent to a cease and desist order from the Federal Deposit Insurance Corporation directing it to raise $300 million in capital.

On January 13, 2009, Sterling Financial issued guidance for the fourth quarter and year end 2008, announcing it anticipated reporting a loss for both the fourth quarter and the year ended December 31, 2008. According to Sterling Financial, the loss would be due in substantial part to an anticipated increase in its allowance for loan and lease loss reserves of approximately $230 million and an expected goodwill impairment charge of between $275 million to $325 million. Sterling Financial further announced that it would be suspending its quarterly cash dividend. On this news, Sterling Financial's stock collapsed $3.05 per share to close at $3.40 per share on January 14, 2009, a one-day decline of 47% on high volume.

## III. ARGUMENT

### A. The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing lead plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action, pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on December 11, 2009. *See* Declaration of Karl P. Barth in Support of City of Roseville Employees Retirement System's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Counsel ("Barth Decl."), Ex. A.[1] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class

---

[1] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996) (emphasis is added and citations are omitted here and throughout, unless otherwise noted).

members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. The Retirement System Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by February 9, 2010. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 11, 2009), the Retirement System hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

The Retirement System has also duly signed and filed a certification stating it has reviewed the allegations of a complaint and is willing to serve as a representative party on behalf of the class. *See* Barth Decl., Ex. B.[2]

---

[2] The certification was signed in connection with the filing of this action. Subsequently, the Retirement System filed a complaint in another securities action, *City of Roseville Employees' Retirement System v. Nokia Corp., et al.*, No. 10-cv-0967 (S.D.N.Y. Feb. 5, 2010).

### 2. The Retirement System Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period the Retirement System suffered losses of approximately $38,621.52 based on its purchases of 8,300 shares of Sterling Financial securities. *See* Barth Decl., Exs. B, C. Accordingly, upon information and belief, the Retirement System has the largest financial interest in the outcome of this litigation and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. The Retirement System Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims

arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001). Typicality does not require that there be no factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'"). The Court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differs from that upon which the claims of other class members will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Retirement System satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Sterling Financial securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the Retirement System's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class

members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, the Retirement System is an adequate representative of the class because its interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between the interests of the Retirement System and those of the other members of the class. In addition, as demonstrated below, the Retirement System's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Retirement System *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. The Retirement System's Selection of Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Retirement System, as the presumptively most adequate plaintiff, has selected Coughlin Stoia as lead counsel and Lovell Mitchell as liaison counsel, subject to this Court's approval. *See* Exs. D & E. Coughlin Stoia is a 190-lawyer law firm that is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D.

465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Barth Decl., Ex. D.

## IV. CONCLUSION

For the foregoing reasons, the Retirement System satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). the Retirement System respectfully requests that this Court: (1) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve its selection of Coughlin Stoia as Lead Counsel and Lovell Mitchell as Liaison Counsel.

DATED: February 9, 2010

LOVELL MITCHELL & BARTH, LLP
KARL P. BARTH, WSBA No. 22780

s/ KARL P. BARTH
KARL P. BARTH

911 Western Ave., Suite 308
Seattle, WA 98104
Telephone: 206/432-8330
206/432-8331 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELI R. GREENSTEIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

| | |
|---|---|
| 1 | VANOVERBEKE MICHAUD & TIMMONY, P.C. |
| 2 | MICHAEL J. VANOVERBEKE |
| 3 | THOMAS C. MICHAUD |
|   | 79 Alfred Street |
| 4 | Detroit, MI  48201 |
|   | Telephone:  313/578-1200 |
| 5 | 313/578-1201 (fax) |
| 6 | Additional Counsel for Plaintiff |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

505858_1

MOT FOR APPT AS LEAD PLTFF AND FOR APPROVAL OF SELECTION OF COUNSEL AND MEMO OF LAW IN SUP THEREOF (2:09-cv-00368-EFS) - 11 -

Lovell Mitchell & Barth, LLP
911 Western Ave., Suite 308, Seattle, WA 98104
Telephone: 206/432-8330 • Fax: 206/432-8331