UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEE'S RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STERLING FINANCIAL CORPORATION, HAROLD B. GILKEY, and DANIEL G. BYRNE,<br><br>Defendants. | NO.  CV-09-0368-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL** |

Before the Court[1] is Plaintiff City of Roseville Employee's Retirement System's ("Retirement System") Motion for Appointment as Lead Plaintiff and for Approval of Selection of Counsel (Ct. Rec. 7), which seeks 1) appointment of Retirement System as Lead Plaintiff, and 2) approval of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel and Lukins & Annis, PS as Liaison Counsel. Defendants Sterling Financial Corp. ("Sterling"), Harold Gilkey, and

---

[1] Plaintiff initially noted this motion for hearing with oral argument. However, after review, the Court finds oral argument unwarranted. LR 7.1(h)(3)b.iv. Plaintiff's request to strike the March 19, 2010 hearing is granted.

ORDER ~ 1

Daniel Byrne advised that they take no position as to Plaintiff's requests, but reserved their right to challenge Lead Plaintiff's adequacy and the typicality of the claims when the Court considers class certification. After reviewing the submitted materials and relevant authority, the Court is fully informed and grants Plaintiff's motion for the reasons given below.

Plaintiff's class action complaint alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4, and the Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. In pertinent part, Plaintiff alleges that Defendants engaged in improper behavior and issued materially false and misleading statements regarding Sterling's business and financial dealings, thereby harming the proposed class: those who purchased Sterling publicly-traded securities.

The PLRSA establishes procedures for bringing an Exchange Act class action, including setting forth publishing and filing deadlines. 15 U.S.C. § 78u-4(a). The PLRSA also requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," i.e., the "most adequate plaintiff." *Id.* § 78u-4(a)(2)(B)(i). In making this determination, the PLRSA creates a "most adequate plaintiff" presumption if the three requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) are satisfied. The Court finds these requirements are met and that no evidence has been offered to rebut the presumption that Retirement System is the most

ORDER ~ 2

adequate plaintiff to serve as lead plaintiff.

First, Plaintiff filed this class action, timely published notice of the class action in an appropriate medium, and timely filed the instant motion. *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa). Second, based on the Complaint's allegations and Karl Barth's declaration (Ct. Rec. 9), Retirement System has the largest financial interest in the relief sought by the class. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb). Finally, at this stage, the Court finds Retirement System meets the applicable Federal Rule of Civil Procedure 23 requirements: typicality and adequacy.[2] *Id.* § 78u-4(a)(3)(B)(iii)(I)(cc); *see In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003). Retirement System's claim that it suffered damages as a result of purchasing Sterling securities at artificially inflated prices is typical of the other class members and there is not an apparent potential conflict between Retirement System and the class. In addition, no other party has requested to be appointed lead plaintiff. In summary, the Court finds Retirement System the most adequate plaintiff to serve as lead plaintiff.

In addition, the Court approves Retirement System's choice of lead and liaison counsel. Proposed lead counsel Coughlin Stoia is a large law firm experienced in litigating complex securities actions and is qualified and capable to pursue this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii). As to proposed liaison counsel, the Court is familiar with Lukins & Annis and finds it qualified to oversee communications between the parties and the Court in this complex litigation.

---

[2] This preliminary finding does not impact the Defendants' ability to challenge class certification.

ORDER ~ 3

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Counsel **(Ct. Rec. 7)** is **GRANTED**.

2. Retirement System will serve as Lead Plaintiff.

3. The law firm of Coughlin Stoia Geller Rudman & Robbins LLP is appointed Lead Counsel for the class.

4. The law firm of Lukins & Annis, PS is appointed Liaison Counsel.

5. The March 19, 2010 hearing is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and counsel.

**DATED** this  8th  day of March 2010.


                        S/ Edward F. Shea
                        EDWARD F. SHEA
                UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\0368.appoint.counsel.wpd

ORDER - 4